NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MED-X GLOBAL, LLC, individually, MED-X GLOBAL, LLC, as assignee and/or attorney-in-fact of MARIO BECERRIL TREJO, and MARIO BECERRIL TREJO, individually, <br><br> Plaintiffs, <br><br> v. <br><br> AZIMUTH RISK SOLUTIONS, LLC, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER 92355005, <br><br> Defendants. | Civ. No. 17-13086 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion to Dismiss by Defendants Azimuth Risk Solutions, LLC ("Azimuth") and Certain Underwriters at Lloyd's, London Subscribing to Policy Number 92355005[1] ("Lloyd's") (collectively, "Defendants"). (ECF No. 28.) Plaintiffs Med-X Global, LLC ("Med-X") (individually, as assignee of Mario Becerril Trejo, and as attorney-in-fact of Trejo) and Trejo oppose. (ECF No. 33.) The Court has decided this Motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion is granted in part and denied in part.

---

[1] Defendants correct the name of this Defendant from Plaintiff's papers and describe its name, in its entirety, to read, "Certain Underwriters at Lloyd's, London Subscribing to Policy Number 92355005, each for their own, and not for the other, their interests being several and not joint." (Defs.' Mot. Dismiss at 1, ECF No. 28-2.)

## BACKGROUND

This case is a contract action arising out of a health insurance policy. On March 21, 2016, Trejo purchased an insurance policy underwritten by Lloyd's and serviced by Azimuth, third-party administrator of Lloyd's. (Am. Compl. ¶¶ 2, 10, ECF No. 27.) This policy covered eligible medical expenses for Trejo and his dependents. (*See id.* ¶¶ 11–15.) Trejo, a citizen and resident of Mexico (*id.* ¶ 3), suffered a gunshot wound and was hospitalized at St. Luke's Medical Center ("St. Luke's") in Mexico from July 2 to August 22, 2016 (*id.* ¶¶ 18–20). Trejo authorized St. Luke's to bill Lloyd's through Azimuth. (*Id.* ¶ 20.) St. Luke's provided $917,116.32 worth of services to Trejo, and Lloyd's denied coverage for all but $62,500. (*Id.* ¶¶ 21, 23.)

On April 27, 2017, an assignment of benefits for these claims was executed, putatively assigning the benefits to Med-X. (*Id.* ¶ 26.) Trejo additionally acknowledged Med-X as his attorney-in-fact in relation to these claims. (*Id.*) Med-X contacted Azimuth regarding the claim, and a representative from Azimuth indicated that Lloyd's had retained a Mexican medical provider to assess the reasonableness of the claims and charges and to prepare a claim report. (*Id.* ¶¶ 27–29.) Receiving no further response, Plaintiff retained the Merlin Law Group, which requested a full administrative record and claim report, as well as twenty-three other enumerated items. (*Id.* ¶ 30.) Plaintiff received none of these documents. (*Id.* ¶¶ 31–33.)

On December 14, 2017, Med-X, as sole Plaintiff, filed the present law suit, seeking relief as an assignee of Trejo's contract rights and pleading two Counts of breach of contract. (*See generally* Compl., ECF No. 1.) Upon Defendants' motion, we dismissed the Complaint on April 10, 2018, finding that the contract's anti-assignment clause barred assignment of the claims to Med-X, and that therefore Med-X lacked standing to bring a breach of contract claim. (ECF Nos. 21–22.) We did, however, grant Med-X leave to amend (*id.*), and later an extension of time (ECF

No. 25).

The Amended Complaint was filed on June 11, 2018, this time naming as Plaintiffs (a) Med-X, individually, (b) Med-X, as assignee and/or attorney-in-fact of Trejo, and (c) Trejo. (ECF No. 27.) On June 25, 2018, Defendants moved to dismiss. (ECF No. 28.) Plaintiffs, after requesting an automatic extension under Local Civil Rule 7.1(d)(5) (ECF No. 29), timely opposed (ECF No. 33). Defendants repled. (ECF No. 34.) This Motion is now before the Court.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

Defendants' Motion wages a tripartite attack on the Amended Complaint. First, it claims

that Med-X lacks standing to sue and should therefore be dismissed as a party. Second, it argues that, once Med-X is dismissed, the Court lacks subject matter jurisdiction and so the entire case must be dismissed. Third, it contends that even if the Court has subject matter jurisdiction, venue is improper. We address each argument in turn.

I. **Med-X's Standing to Sue for Breach of Contract**

Med-X brings breach of contract claims (a) individually (i.e., on its own behalf), (b) as assignee of Trejo, and (c) as attorney-in-fact of Trejo. According to Defendants, none of these postures confer standing on Med-X to allow its inclusion as a party.

As a general matter, Article III of the United States Constitution requires that any plaintiff to a case have standing—that is, that the plaintiff has suffered an injury in fact, caused by the defendant's alleged conduct, and redressable by the relief sought. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 273–74 (2008). "[T]he minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim." *W.R. Huff Asset Mgmt. Co. v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (citing *Sprint*, 544 U.S. at 289). Thus, a plaintiff in a breach of contract case has standing only where that party holds some title or interest created by the contract.

Med-X has no rights under the contract at issue. It was not an original party to the contract. (Am. Compl. ¶ 11.) And as has been previously held in this litigation, Trejo has not validly assigned its contract rights to Med-X. (*See* Op. Granting Mot. Dismiss, ECF No. 21.) Med-X claims to be an attorney-in-fact of Trejo (Am. Compl. ¶ 26), but an attorney-in-fact lacks standing to sue in her own name. *See Am. Orthopedic & Sports Med. v. Independence Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018) ("A power of attorney . . . 'does not transfer an ownership interest in the claim,' . . . but simply confers on the agent the authority to act 'on

behalf of the principal[.]'") (quoting *W.R. Huff*, 549 F.3d at 108; *In re Complaint of Bankers Trust Co.*, 752 F.2d 874, 881 (3d Cir. 1984)).[2] Med-X therefore lacks standing to sue in its own name.

However, an attorney-in-fact may bring a claim in a representative capacity. *W.R. Huff*, 549 F.3d at 109; *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *11 (D.N.J. Mar. 17, 2015). Thus, while Med-X lacks standing to sue individually or as an assignee of Trejo, it may bring the present suit on behalf of Trejo, as Trejo's attorney-in-fact.[3]

## II. Subject Matter Jurisdiction

The Court's subject matter jurisdiction under diversity is limited to suits between:

(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state . . . ;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). Plaintiff Med-X is incorporated in, and has its principal place of business in, New Jersey (Am. Compl. ¶ 4), and is therefore a citizen of New Jersey. Plaintiff Trejo is a citizen of Mexico. (*Id.* ¶ 3.) Defendant Azimuth appears to be a citizen of Indiana. (*Id.* ¶ 6.)[4]

---

[2] Although *American Orthopedic* is a case arising under ERISA, its proposition that a grant of power-of-attorney does not confer standing derives, not from ERISA, but from principles of agency and contract. *See Am. Orthopedic*, 890 F.3d at 455. Note also that *American Orthopedic*'s findings as to power-of-attorney are dicta, as Appellant in that case had waived its arguments concerning power-of-attorney. *See id*. But we see no reason to doubt the solidity of the proposition stated.

[3] Defendants argue that power-of-attorney "is not plausibly pled under *Twombly*." (Defs.' Reply Br. at 4 n.1, ECF No. 34.) But sufficient pleading requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Since Trejo, not Med-X, seeks recovery, from Defendants, Trejo is the real party in interest under Federal Rule 17(a), *see Choi v. Kim*, 50 F.3d 244, 247 (3d Cir. 1995), and the Complaint sufficiently pleads that Trejo is entitled to relief.

[4] The Complaint states that "Azimuth was a third-party insurance administrator based in Indiana and engaged in the business of, among other things, administering health insurance claims and making indemnification decisions in relation to same throughout the world." (¶ 6.) The Court interprets this assertion as an assertion that Azimuth is domiciled in Indiana.

Defendant Lloyd's appears to be a citizen of the United Kingdom. (*Id.* ¶ 5.)[5]

Defendants argue that once Med-X is dismissed as a party, this case is one between a Plaintiff from Mexico and Defendants from Indiana and the United Kingdom. (Mot. Dismiss at 10–11.) This configuration does not match any of the provisions of § 1332(a). *Dresser Indus., Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 497–98 (3d Cir. 1997) (citing *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 428 (7th Cir. 1993) (stating that jurisdiction exists under § 1332(a)(3) when United States citizens exist on both sides of the dispute); *see also* 13E Charles Alan Wright et al., Federal Practice and Procedure § 3604 (3d ed., 2018 update). Therefore, claim Defendants, the Court lacks subject matter jurisdiction

Defendants, in other words, are asking the Court to assess subject matter jurisdiction based on the identity of the parties *at the present moment*. To do so would contradict the usual practice of assessing jurisdiction based on the identity of the parties *at the time the complaint was filed*. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 575 (2004) (upholding the time-of-filing rule as "longstanding precedent"); *Lang v. Windsor Mount Joy Mut. Ins. Co.*, 487 F. Supp. 1303 (1980) (collecting cases). Although this "time of filing" rule is typically applied where the citizenship status of a party changes mid-suit, *see, e.g.*, *Grupo Dataflux*, 541 U.S. at 575, the Third Circuit has also looked to the time of filing where the parties themselves change during the case, *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1506 (3d Cir. 1996) (allowing supplemental jurisdiction where the original jurisdiction-creating party was replaced); *Brough v. Strathmann Supply Co.*, 358 F.2d 374, 376

---

[5] It is not clear whether Lloyd's is also a citizen of New York. The Complaint alleges that Lloyd's has "offices in New York, New York." (¶ 5). Defendants argue that the proposition that "New York is considered [Lloyd's] principal place of business" is "alleged nowhere, and is palpably untrue." (Mot. Dismiss at 11.) The Court has subject matter jurisdiction either way, so we need not resolve this issue.

(3d Cir. 1966) (holding that substitution of a party does not destroy diversity jurisdiction); *see also Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001) (citing *New Rock* for the proposition that "where the jurisdiction-conferring party drops out and the federal court retains jurisdiction over what becomes a state law claim between non-diverse parties, the bounds of Article III have not been crossed."). Here, because the Court had subject matter jurisdiction under § 1332(a)(3) based on the parties in the initial Complaint, we continue to have subject matter jurisdiction throughout the suit.

Given the rather unusual means by which the Court maintains jurisdiction, it is proper to examine 28 U.S.C. § 1359, which states that, "A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." Collusion under § 1359 exists where a clearly inapt party has been joined to create jurisdiction, *see, e.g.*, *McSparran v. Weist*, 402 F.2d 867, 876 (3d Cir. 1968) ("[T]he straw guardian [was] appointed solely to create diversity jurisdiction . . . ."); *Butler v. Colfelt*, 313 F. Supp. 527, 531 (E.D. Pa. 1970), *aff'd*, 439 F.2d 882 (3d Cir. 1971) (finding collusion where the appointed guardian had never been appointed guardian before, was unfamiliar with the role, and had no relevant experience), and where the suit is "wholly local in nature," *Groh v. Brooks*, 421 F.2d 589, 595 (3d Cir. 1970); *see also McSparran*, 402 F.2d at 876 (finding the controversy "essentially local" where the injured party and all defendants resided in the state where the accident occurred); *Butler*, 313 F. Supp. at 531 ("The minor and his parents all resided in Pennsylvania at the time of the accident and Pennsylvania is the residence of the defendant.").

Here, by contrast, Plaintiffs brought this action originally by asserting assignment, an assertion we rejected but which we admitted was a question "[w]ithout a clear answer." (Op.

Granting Mot. Dismiss at 7.) There were understandable, non-collusive reasons for enlisting a medical billing agent like Med-X to resolve an international claim dispute in the admittedly complicated field of health insurance. And in contrast to the "wholly local" cases cited above, this case involves an Indiana-based insurance company and medical treatment delivered in Mexico. The jurisdiction of this Court was therefore not invoked collusively under § 1359.

Subject matter jurisdiction is therefore properly exercised in this case.

### III. <u>Venue</u>

Defendants also object to venue under Federal Rule of Civil Procedure 12(b)(3). However, a party waives the defense of improper venue where the party has previously made a Rule 12 motion and the defense "was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(h)(1)(A), (g)(2).

Because venue in federal court depends upon the identity and residence of defendants and the events giving rise to the claim, 28 U.S.C. § 1391(b), and because those facts are the same as they were at the time of Defendants' previous Motion to Dismiss (ECF No. 12), this objection was available to Defendants at that time. *See Sunn Classic Pictures, Inc. v. Budco, Inc.*, 481 F. Supp. 382, 388 n.2 (E.D. Pa. 1979). Thus, Defendants waived their objection to venue by failing to raise it in their previous Motion.

### <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Motion is granted in part and denied in part. An appropriate Order will follow.

Date: __8/27/2018_____          __/s/ Anne E. Thompson_____
                                   ANNE E. THOMPSON, U.S.D.J.