NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MED-X GLOBAL, LLC, as attorney-in-fact of MARIO BECERRIL TREJO, and MARIO BECERRIL TREJO, individually,<br><br>Plaintiffs,<br><br>v.<br><br>AZIMUTH RISK SOLUTIONS, LLC, and CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NUMBER 92355005,<br><br>Defendants. | Civ. No. 17-13086<br><br>**OPINION** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon the Motion for Reconsideration filed by Defendants Azimuth Risk Solutions, LLC and Certain Underwriters at Lloyd's, London Subscribing to Policy Number 92355005[1] (collectively, "Defendants"). (ECF No. 37.) Plaintiffs Med-X Global, LLC ("Med-X") and Mario Becerril Trejo ("Trejo") (collectively, "Plaintiffs") oppose. (ECF No. 39.) The Court has decided this Motion based on the written submissions of the parties without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Motion is denied.

## BACKGROUND

This case is a contract action arising out of a health insurance policy between Trejo and Defendants. (Am. Compl. ¶¶ 10–11, ECF No. 27.) On June 25, 2018, Defendants moved to

---

[1] This Defendant has stated that its proper name is "Certain Underwriters at Lloyd's, London Subscribing to Policy Number 92355005, each for their own, and not for the other, their interests being several and not joint." (*See* Opinion at 1, n.1, ECF No. 35.)

dismiss the Amended Complaint. (ECF No. 28.) The Court granted the Motion in part and denied it in part on August 27, 2018. (Order, ECF No. 36.) Specifically, the Court held: (1) Med-X lacked standing to bring suit in its own name, but could sue in a representative capacity as Trejo's attorney-in-fact (Op. at 4–5, ECF No. 35;); (2) even after Med-X is dismissed, the Court retains subject matter jurisdiction because at the time of filing the case had subject matter jurisdiction (*id.* at 5–8); and (3) Defendants waived their objection to venue by failing to object in their first Motion to Dismiss (*id.* at 8).

On September 10, 2018, Defendants filed the present Motion for Reconsideration, asking the Court to reconsider this Opinion. (ECF No. 37.) After being granted an automatic extension of time pursuant to Local Rule 7.1(d)(5) (ECF No. 38; Docket Entry dated 09/27/2018), Plaintiffs opposed on October 22, 2018 (ECF No. 39), and Defendants replied on October 29, 2018 (ECF No. 40). This Motion is presently before the Court.

## **LEGAL STANDARD**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985). Reconsideration is an extraordinary remedy that is to be granted "very sparingly." *E.g.*, *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) a clear error of law or prevention of manifest injustice. *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal citation omitted).

A motion for reconsideration is not an opportunity to raise new matters or arguments that

could have been raised before the original decision was made. *E.g.*, *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is it an opportunity to ask the Court to rethink what it has already thought through. *E.g.*, *Oritani S & L v. Fidelity & Deposit*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *E.g.*, *Champion Labs., Inc. v. Metex Corp.*, 677 F. Supp. 2d 748, 750 (D.N.J. 2010). "Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]." *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## **DISCUSSION**

Defendants do not point to a change in controlling law or the availability of new evidence. Rather, they claim the Court committed clear errors of law in its previous Opinion. However, Defendants have not met the extremely high bar of demonstrating that the Opinion contained clear errors of law.

As to the Court's first holding—that Med-X may sue in a representative capacity as attorney-in-fact but not in its own right—Defendants clearly disagree with the Court's reading of the relevant case law. (*See* Mot. at 6 ("The cases relied upon by the Court . . . actually support and reiterate [Defendants' position].").) But disagreement is not clear error. *Compaction Sys. Corp.*, 88 F. Supp. 2d at 345. Defendants have pointed to no Third Circuit (or Supreme Court) precedent that clearly contradicts the Court's previous holding. What they register instead is their disagreement over the proper interpretation of legal authorities that might reasonably be read differently. This is insufficient.

Likewise with the Court's second holding that Med-X's dismissal as a party does not

3

destroy subject matter jurisdiction. This case involved an unusual circumstance—a party's dismissal threatened to *destroy* jurisdiction, rather than possibly *create* jurisdiction. As such, the Court relied on precedents that were similar to, but not directly congruent with, the present case. (Op. at 6–7 (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 575 (2004); *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir. 2001); *New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc.*, 101 F.3d 1492, 1506 (3d Cir. 1996); *Brough v. Strathmann Supply Co.*, 358 F.2d 374, 376 (3d Cir. 1966)).) Defendants believe that several of these precedents are distinguishable, and that a proper reading of the relevant authorities would lead to a different conclusion. (Mot. at 6–8.) But, again, this constitutes mere disagreement with a previous decision, not a demonstration of clear error in that decision.

The Court's final holding was that Defendants had waived their objection to venue by failing to object in a previous motion. The previous Opinion held:

> [A] party waives the defense of improper venue where the party has previously made a Rule 12 motion and the defense "was available to the party but omitted from its earlier motion."
>
> Because venue in federal court depends upon the identity and residence of defendants and the events giving rise to the claim, and because those facts are the same as they were at the time of Defendants' previous Motion to Dismiss, this objection was available to Defendants at that time. Thus, Defendants waived their objection to venue by failing to raise it in their previous Motion.

(Op. at 8 (internal citations omitted).) Defendants claim that the defense was not previously available because "Med-X's initial complaint contained many allegations relevant to its pre-litigation collection activities in New Jersey; while an amended complaint with Trejo, a Mexican resident, as the sole party-plaintiff does not have any factual nexus to New Jersey." (Mot. at 8.) However, a side-by-side comparison of the original Complaint (ECF No. 1) with the Amended Complaint (ECF No. 28) reveals that these two documents are substantively very similar. The Amended Complaint changes some words and phrases, but the core allegations remain the same.

4

(*Compare* Compl. ¶ 26 ("To date, Lloyd's through Azimuth has unreasonably withheld from Med-X benefits totaling approximately $854,616.32 for medical services provided to Trejo."), *with* Am. Compl. ¶ 24 ("To date, Lloyd's, through Azimuth, has unreasonably withheld (from Trejo and Med-X) Trejo's insurance benefits totaling approximately $854,616.32 for necessary (life-saving, put more bluntly) medical services provided to Trejo.").) While the Amended Complaint adds a very small handful of extra factual details (*see, e.g.*, Am. Compl ¶ 37 (adding a paragraph describing the reasons for and means of creating the purported relationship between Trejo and Med-X)), these additions are not substantial enough to make a venue objection freshly available where it had not been before. Certainly, Defendants have not established that the Opinion's conclusion as to waiver of venue was clear error.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion for Reconsideration is denied. An appropriate Order will follow.

Date:   10/31/2018                                    */s/ Anne E. Thompson*
                                                                        ANNE E. THOMPSON, U.S.D.J.